## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA HARDWICK,** | : | |
| **on behalf of themselves and all** | : | **Case No.: 2:20-cv-00060-MRH** |
| **others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **Chief Judge Mark R. Hornak** |
| | : | |
| **v.** | : | |
| | : | **AMENDED COMPLAINT** |
| **CONSUMER GUARDIAN** | : | **IN CIVIL ACTION** |
| **SPECIALISTS, LLC,** *d/b/a* | : | |
| **CREDIT SHIELD** | : | |
| | | |
| **Defendant,** | | |
| | | |
| **and** | | |
| | | |
| **SARAH YOUNG** | | |
| | | |
| **Defendant,** | | |

Filed on Behalf of Plaintiff:

Linda Hardwick

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:    (412) 545-3015
Fax No.:        (412) 540-3399
E-mail:         jward@fentersward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA HARDWICK,** | : | |
| **on behalf of themselves and all** | : | **Case No.: 2:20-cv-00060-MRH** |
| **others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **Chief Judge Mark R. Hornak** |
| | : | |
| **v.** | : | |
| | : | **AMENDED COMPLAINT** |
| **CONSUMER GUARDIAN** | : | **IN CIVIL ACTION** |
| **SPECIALISTS, LLC,** *d/b/a* | : | |
| **CREDIT SHIELD** | : | |

       **Defendant,**

    **and**

**SARAH YOUNG**

       **Defendant,**


**FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, LINDA HARDWICK, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiff"), by and through undersigned Counsel of Record, and files this Class Action Complaint against the above named Defendant, Consumer Guardian Specialists, LLC, d/b/a Credit Shield, (hereinafter "Credit Shield") and Defendant, Sarah Young, (hereinafter, "Sarah Young") showing the Court as follows:

**PRELIMINARY STATEMENT**

1.      Congress enacted the CROA after finding consumers possessed a vital interest in "maintaining their credit worthiness" and as a result may seek assistance from credit repair organization. 15 U.S.C.A § 1679a(1). Further, Congress found certain advertising and business practices of credit repair service organizations to have "worked a financial hardship upon

1

consumers, particularly those of limited economic means and who are inexperienced in credit matters." 15 U.S.C.A § 1679a(2).

2.      Congress thereby enacted the Credit Repair Organization Act (hereinafter, the "CROA") to ensure buyers of credit repair organizations possess the information necessary to make informed decision before engaging in the utilization of such Service and to protect the public from "unfair or deceptive advertising and business practices" by the credit repair organizations. 15 U.S.C.A. § 1679b(1) & (2)

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Credit Repair Organization Act, (hereinafter, "CROA")  15 U.S.C.A. § 1679, *et seq.*

4.      Venue is proper pursuant to 28 U.S.C.A. § 1391 as this district and division is where Defendant resides pursuant to 28 U.S.C.A. § 1391(b)(1) and where a substantial part of the events and omissions giving rise to the claim occurred pursuant to 28 U.S.C.A. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person and resident of Pennsylvania who currently resides at 1315 Ingham Street, Pittsburgh, Pennsylvania 15212.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679(a)(1).

7.      Defendant Credit Shield is a "credit repair organization" with a place of business located at 18489 North, US Highway 41, Box 261, Lutz, Florida, 33549.

8.      Defendant Credit Shield is a corporate-entity primarily in the business utilizing interstate commerce and the mails to sell, provide, or perform service in return for the payment of money for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating.

9.      "Credit Shield" is a fictitious name owned by Defendant Consumer Guardian Specialists. A true and correct copy of the State of Florida Application for Registration of Fictitious Name is attached hereto, made a part hereof, and marked as Exhibit "A".

10.     Defendant Sarah Young is an adult individual with an address of 1721 Canoe Drive, Lutz, Florida, 33559.  Defendant Sarah Young is the managing principal, operator and controller of Defendant Credit Shield.

## ALLEGATIONS OF FACT

11.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

12.     On or about September 20, 2018, Plaintiff and Defendant Credit Shield entered into a contractual agreement for credit-related services. A true and correct copy of the contractual agreement is attached hereto, made a part hereof, and marked as Exhibit "B".

13.     These services included "disputing credit card or other debts with third party collection agencies." See Exhibit "B".

14.     The purpose, both implied and explicit, of these services was to improve Plaintiff's credit score and record.

15.     This abovementioned purpose is advertised on Defendant Credit Shield's website as an advertisement of services and resulting effects rendered by Defendant Credit Shield.

16.     Specifically, Defendant Credit Shield advertised "Improve your credit rating!" A true and correct copy of the webpage Defendant's advertisement appeared on is attached hereto, made a part hereof, and marked as Exhibit "C".

17.     On or about September 20, 2018, Plaintiff also entered into a contractual agreement to facilitate payment obligations arising directly from the aforementioned contract between

3

Plaintiff and Defendant Credit Shield. A true and correct copy of the contractual agreement is attached hereto, made a part hereof, and marked as Exhibit "D".

18.    Upon information and belief, Defendant Credit Shield's business model was supported by Secure Account Service, in the following particulars:

      a.  Defendant Credit Shield charged and received payment from Plaintiff for services rendered and to be rendered by Defendant Credit Shield.

      b.  Defendant Credit Shield, illegally charged for and received payment of credit repair services in violation of the CROA.

      c.  Defendant Credit Shield failed to provide the required written disclosures in its contracts.

**A.  <u>Defendant Credit Shield illegally charged for credit repair services.</u>**

19.    Under information and belief, on or about September 20, 2018, Defendant Credit Shield charged $311.97 to Plaintiff.

20.    Under information and belief, on or about September 20, 2018, Secure Account Service facilitated the transfer of the payment charge from Plaintiff to Defendant Credit Shield.

21.    Under information and belief, on or about September 20, 2018, Secure Account Service facilitated the processing of the abovementioned payment resulting in Defendant Credit Shield receiving said payment.

22.    Therefore, Defendant Credit Shield charged, and under information and belief received, money prior to fully performing its contractually-obligated services in violation of the CROA.

23.    On or about September 20, 2018, Plaintiff and Defendants Credit Shield, contracted to a recurring monthly payment schedule between Plaintiff and Defendant.

24.     Under information and belief, Defendant Credit Shield processed the recurring monthly payment charges from Plaintiff to Defendant Credit Shield. A true and correct copy of the proposed payment schedule is delineated within Exhibit "A".

25.     Under information and belief, Defendant Credit Shield received the abovementioned monthly payment charges from Plaintiff.

26.     The abovementioned monthly payment charges constituted additional unlawful activities under the CROA as Defendant Credit Shield failed to fully perform its contractual obligations prior to charging and receiving Plaintiff's monthly payments.

27.     On or about October 15, 2018 or a date better known to Defendant Credit Shield, Defendant Credit Shield sent a debt validation request to Midland Funding, LLC. A true and correct copy of the debt validation request is attached hereto, made a part hereof, and marked as Exhibit "E".

28.     On or about November 27, 2018, or a date better known to Defendant Credit Shield, Defendant Credit Shield sent a debt validation request to Crown Asset Management. A true and correct copy of the debt validation request is attached hereto, made a part hereof, and marked as Exhibit "F".

29.     On or about March 20, 2019 or a date better known to Defendant Credit Shield, Defendant Credit Shield sent a debt validation request to P&B Capital Group. A true and correct copy of the debt validation request is attached hereto, made a part hereof, and marked as Exhibit "G".

30.     Indeed, Defendant(s) are prohibited from charging or receiving any monies prior to the completion of credit repair services.  The dates of the payments and initial representation letters

are self-proving to the fact that Defendant(s) illegally charged and received funds prior to the completion of credit repair services.

**B. Defendants failed to provide the required written disclosures under CROA.**

31.   Defendants were legally mandated to include six distinct disclosure paragraphs under 15 U.S.C.A. § 1679c.  Defendant, Credit Shield and Defendant, Sarah Young, failed to include:

      a.   The consumer's right to dispute inaccurate information by contacting the credit bureau directly;

      b.   The consumer's right to obtain a copy of the consumer's credit report from a credit bureau;

      c.   The consumer's right to sue a credit repair organization that violates the CROA and the consumer's right to cancel its contract with the credit repair organization within three business dates from the date of signing the contract;

      d.   The consumer's right to notify a credit bureau of a dispute with the accuracy of provided information and the bureau's duty to investigate and modify accordingly;

      e.   The consumer's right to send a brief statement to the credit bureau following disputing the accuracy of furnished information as to why the consumer believes the information is inaccurate; and

      f.   The contact information pertaining to the Federal Trade Commission which regulates credit bureaus and credit repair organizations.

32.   Defendant Credit Shield failed to include any of the abovementioned disclosures and thereby violated 15 U.S.C.A. § 1679c of the CROA.

33.     Defendant Credit Shield further failed to provide the mandatory disclosures compelled by 15 U.S.C.A. § 1679d of the CROA. Specifically, Defendant Credit Shield failed to include:

    a.   All guarantees of contracted performance;

    b.   An estimate of the date by which performance of the contracted-for services would be completed;

    c.   Defendant Credit Shield's proper organizational name as Consumer Guardian Specialists and instead utilized the name Credit Shield;

    d.   Defendant Credit Shield's principal business address and instead listed a PO Box address; and

    e.   Language in bold face type, within proximity of Plaintiff's signature line, informing Plaintiff of her right to cancel the contract within three business days after the date of signing.

34.     Upon information and belief, Defendants failed to include any of the abovementioned disclosures and thereby further violated 15 U.S.C.A. § 1679d of the CROA.

**C.  As a result of the violations of CROA, the contract between Plaintiff and Defendant was void _ab initio._**

35.     The contract governing the duties and obligations between Plaintiff and Defendant Credit Shield failed to include and provide mandatory disclosures required by 15 U.S.C.A. §§ 1679c and 1679d of the CROA.

36.     15 U.S.C.A. § 1679f of the CROA states "Any contract for services which does not comply with the applicable provisions of this subchapter – (1) shall be treated as void; and (2) may not be enforced by any Federal or State court or any other person."

37.     Therefore, the contract arising between Plaintiff and Defendant Credit Shield was void and unenforceable under 15 U.S.C.A. § 1679f for violations of §§ 1679c and 1679d.

38.     The contract governing the relationship between Plaintiff and Secure Account Service incorporated and was legally dependent on the legal validity of the contract governing Plaintiff and Defendant Credit Shield and 1679d of the CROA.

39.     Furthermore, the contract between Secure Account Service violated CROA in its own right, given its connection, collaboration, and conspiracy with the behavior and contract perpetuated by Defendant Credit Shield and Defendant Sarah Young.

40.     Therefore, the contract arising between Plaintiff and Secure Account Services is void and unenforceable as delineated within 15 U.S.C.A. § 1679f.

41.     As a result of Defendants' violations of the CROA, Plaintiff suffered actual damages in the form of illegal payments solicited by Defendants, in addition to emotional distress, anxiety and embarrassment.

42.     Under information and belief, Defendant Credit Shield, unlawfully charged and received $3,431.67 from Plaintiff.

## CLASS ALLEGATIONS

43.     Plaintiff brings this claim on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendants contracted with for credit repair services and subsequently collected payment before such service was fully performed in violation of 15 U.S.C.A. § 1679b.

> The Class further consists of all individuals to whom Defendants contracted with for credit repair services, and who's written agreements failed to include the written disclosures and provisions mandated by CROA, 15 U.S.C.A. § 1679c or 15 U.S.C.A. § 1679d.

44.     Excluded from the classes is Defendant Credit Shield, Defendant Sarah Young, and Secure Account Service, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

45.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

46.     Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issue concerns whether: All Defendants charged for or received payment prior to the full performance of services; Defendant Sarah Young is, under the participation theory, individually, directly, and both jointly and severally liable for facilitating the operations of Defendant Credit Shield; All Defendants failed to include the mandatory disclosures of consumer rights under 15 U.S.C.A. § 1679c or 15 U.S.C.A. § 1679d; and whether Defendant Credit Shield's failure to include its primary business address in its written contracts violates 15 U.S.C.A § 1679d(b)(3).

47.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because of a well-defined public interest in this litigation:

48.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons whom Defendants have charged payment from prior to the completion of services.

9

49.     Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons who Defendant possesses a contractual relationship for the purposes of credit-record improvement which lack the mandatory consumer rights notification provisions and items of information under 15 U.S.C.A. §§ 1679c and 1679d of the CROA.

50.     The identities of all class members are readily ascertainable from the records of Defendants and those individuals to whom Defendant Credit Shield and Defendant Sarah Young have collected payment after the initial engagement of contractual services. Further, the identities of all class members are readily ascertainable from the contractual agreements Defendants possess which lack the required CROA disclosures.

51.     **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

    a.   Whether Defendants' charging and receiving of payment prior to the full completion of contracted-for performance violates 15 U.S.C.A. §§ 1679b.

    b.   Whether Defendants' failure to include the requisite mandatory consumer rights notices, disclosures, and principal business address constitutes violations of §§ 15 U.S.C.A. 1679c and 1679d.

    c.   Whether Defendant Sarah Young's direct control and involvement in the illegal operations of Defendant Credit Shield's renders her directly liable to class plaintiffs under the participation theory for violations of 15 U.S.C.A. §§ 1679b, 1679c, and 1679d.

d. Whether Plaintiff and the Class have been injured or sustained damages and are entitled to remedy as a result of Defendant Credit Shield and Defendant Sarah Young's conduct and if so, what the appropriate measure and statutory formula to be applied in making such a determination;

e. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

52. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

53. **Adequacy of Representation – Federal Rule of Civil Procedure 23 23(a)(4) and 1709.** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

## CAUSES OF ACTION

### COUNT I
**Asserted on behalf of Plaintiff and Class, against
Defendant Credit Shield and Defendant Sarah Young
Violations of the CROA, 15 U.S.C.A. § 1679, *et seq*.**

*Jointly and severally*

54.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

55.     Plaintiff is a consumer as defined by § 1679a(1) of the CROA. "The term 'consumer' means an individual." 15 U.S.C.A. § 1679a(1) of the CROA.

56.     Defendant Credit Shield is a "credit repair organization" as defined by 15 U.S.C.A. § 1679a(3) of the CROA.

57.     "The term 'credit repair organization' means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration for the express or implied purpose of-- (i) improving any consumer's credit record, credit history, or credit rating;" § 1679a(3)(a) of the CROA.

58.     Defendant Sarah Young is a manager, operator, or controller of Defendant Credit Shield and is therefore liable by way of agency principles for the unlawful and intentionally tortious conduct of Defendant Credit Shield.

59.     Plaintiff engaged in contractual relations with Defendant Credit Shield for the express or implied purpose of improving Plaintiff's credit record or credit history.

60.     Furthermore, Defendant Credit Shield advertised an affiliation with the improvement of one's credit score following the utilization of Credit Shield's services. See Exhibit "B".

61.     The CROA, 15 U.S.C.A. § 1679b, states in pertinent part:

> (b) Payment in advance. No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

12

15 U.S.C.A. § 1679b

62.     On or about October 1, 2018, Plaintiff and Defendant Credit Shield entered into a contractual agreement for Defendant Credit Shield's debt validation services to improve Plaintiff's credit-record. See Exhibit "B".

63.     On or about October 1, 2018, Defendant Credit Shield, by and through Secure Account Service, charged payment from Plaintiff in the amount of $311.97 from Plaintiff's personal banking account pursuant to the aforementioned contractual agreement. See Exhibit "B".

64.     Under information and belief, Defendant Credit Shield received the aforementioned payment by and through Secure Account Service.

65.     Defendant Credit Shield failed to fully perform the contractual duties owed to Plaintiff prior to charging and receiving $311.97 from Plaintiff's personal banking account.

66.     Upon information and belief, Defendant Credit Shield failed to engage in any of the contracted-for activities at the time of charging and receiving Plaintiff's monetary funds.

67.     Therefore, Defendants charged and received money for the performance of service, which Defendants had contractually agreed to perform for Plaintiff, prior to the completion and full performance of the contracted-for service and thereby violated 15 U.S.C.A § 1679b of the CROA.

68.     Under information and belief, on or about November 1, 2018, Defendant Credit Shield charged Plaintiff $311.97.

69.     Under information and belief, Defendant Credit Shield, by and through Secure Account Service, received the abovementioned payment for $311.97 from Plaintiff.

70.     Defendant Credit Shield failed to fully perform its contractual obligations prior to charging and receiving payment from Plaintiff in violation of 15 U.S.C.A. § 1679b of the CROA.

71.    Under information and belief, Defendant Credit Shield unlawfully charged Plaintiff ten subsequent monthly payments of $311.97 and under information and belief, Defendant Credit Shield unlawfully received the ten monthly payments from Plaintiff.

72.    Under information and belief, Defendant Credit Shield has failed to fully perform its contractual obligations continuing up to present day.

73.    Therefore, each payment charged for and received by Defendant Credit Shield constituted a violation of 15 U.S.C.A § 1679b of the CROA.

74.    Under information and belief, Defendant Sarah Young participated in the formation, design, planning, risk management, and implementation of business operations of Defendant Credit Shield and thereby intentionally, knowingly, willfully and/or negligently engaged and participated in the charging and receiving of illegal funds in violation of 15 U.S.C.A § 1679b.

75.    Section 1679g of the CROA provides, in relevant part:

Any person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:
(1) Actual damages
The greater of -- (A) the amount of any actual damage sustained by such person as a result of such failure; or (B) any amount paid by the person to the credit repair organization.
(2) Punitive damages.
(A) Individual actions. In the case of any action by an individual, such additional amount as the court may allow.
(B) Class actions.
In the case of a class action, the sum of--
(i) the aggregate of the amount which the court may allow for each named plaintiff; and (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery.
(3) Attorneys' fees. In the case of any successful action to enforce any liability under paragraph (1) or (2), the costs of the action, together with reasonable attorneys' fees.

§ 1679g of the CROA.

76.     As a direct and proximate result of Defendant Credit Shield and Defendant Sarah Young's violations of the CROA, as set forth above, Plaintiff has suffered actual damages, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

77.     Under information and belief, Defendant Credit Shield unlawfully charged and received $3,431.67 from Plaintiff.

78.     Defendant Credit Shield and Defendant Sarah Young are jointly and severally liable as a result of the participation theory, agency relationship, and/or their conspiracy to engage in an intentional tort in violation of federal law described herein.

**COUNT II**
**Asserted on behalf of Plaintiff and Class, against**
**Defendant Credit Shield and Defendant Sarah Young**
**Violations of the CROA, 15 U.S.C.A. § 1679, *et seq*.**

***Jointly and Severally***

79.     Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

80.     The CROA, 15 U.S.C.A. § 1679c, states in pertinent part:

(a) Any credit repair organization shall provide any consumer with the following written statement before any contract or agreement between the consumer and the credit repair organization is executed:

'Consumer Credit File Rights Under State and Federal Law'
'You have a right to dispute inaccurate information in your credit report by contacting the credit bureau directly. However, neither you nor any 'credit repair' company or credit repair organization has the right to have accurate, current, and verifiable information removed from your credit report. The credit bureau must remove accurate, negative information from your report only if it is over 7 years old. Bankruptcy information can be reported for 10 years.

'You have a right to obtain a copy of your credit report from a credit bureau. You may be charged a reasonable fee. There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days. The credit bureau must provide someone to help you interpret the information in your credit file. You

are entitled to receive a free copy of your credit report if you are unemployed and intend to apply for employment in the next 60 days, if you are a recipient of public welfare assistance, or if you have reason to believe that there is inaccurate information in your credit report due to fraud.

'You have a right to sue a credit repair organization that violates the Credit Repair Organization Act. This law prohibits deceptive practices by credit repair organizations. "You have the right to cancel your contract with any credit repair organization for any reason within 3 business days from the date you signed it.

'Credit bureaus are required to follow reasonable procedures to ensure that the information they report is accurate. However, mistakes may occur.

'You may, on your own, notify a credit bureau in writing that you dispute the accuracy of information in your credit file. The credit bureau must then reinvestigate and modify or remove inaccurate or incomplete information. The credit bureau may not charge any fee for this service. Any pertinent information and copies of all documents you have concerning an error should be given to the credit bureau.

'If the credit bureau's reinvestigation does not resolve the dispute to your satisfaction, you may send a brief statement to the credit bureau, to be kept in your file, explaining why you think the record is inaccurate. The credit bureau must include a summary of your statement about disputed information with any report it issues about you.

'The Federal Trade Commission regulates credit bureaus and credit repair organizations. For more information contact:

'The Public Reference Branch'
'Federal Trade Commission'
'Washington, D.C. 20580.'

(b) The written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

15 U.S.C.A § 1679c

81.    Under information and belief, Defendant Credit Shield intentionally, knowingly, willfully and/or negligently failed to provide *any* of the abovementioned written statements prior

to or after the execution of the contract between Plaintiff and Defendant Credit Shield and thereby violated § 1679c(a) of the CROA.

82.    Under information and belief, Defendant Credit Shield failed to provide *any* the abovementioned written statements to Plaintiff as a document separate from any written contract or other agreement at any point in time and thereby violated § 1679c(a) of the CROA.

83.    Defendant Credit Shield was legally mandated to include these six distinct disclosure paragraphs under 15 U.S.C.A. § 1679c.

84.    Specifically, Defendant Credit Shield failed to include:

   a.    The consumer's right to dispute inaccurate information by contacting the credit bureau directly;

   b.    The consumer's right to obtain a copy of the consumer's credit report from a credit bureau;

   c.    The consumer's right to sue a credit repair organization that violates the CROA and the consumer's right to cancel its contract with the credit repair organization within three business dates from the date of signing the contract;

   d.    The consumer's right to notify a credit bureau of a dispute with the accuracy of provided information and the bureau's duty to investigate and modify accordingly;

   e.    The consumer's right to send a brief statement to the credit bureau following disputing the accuracy of furnished information as to why the consumer believes the information is inaccurate; and

   f.    The contact information pertaining to the Federal Trade Commission which regulates credit bureaus and credit repair organizations.

85.    Defendant Credit Shield failed to include any of the statutorily required disclosures and thereby violated 15 U.S.C.A. § 1679c of the CROA.

86.    Under information and belief, Defendant Sarah Young engaged in the operations of Defendant Credit Shield and thereby concurrently, through principles of agency, operation, and control, violated 15 U.S.C.A § 1679b of the CROA.

87.    Section 1679g of the CROA provides, in relevant part:

> Any person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:
> (1) Actual damages
> The greater of -- (A) the amount of any actual damage sustained by such person as a result of such failure; or (B) any amount paid by the person to the credit repair organization.
> (2) Punitive damages.
> (A) Individual actions. In the case of any action by an individual, such additional amount as the court may allow.
> (B) Class actions.
> In the case of a class action, the sum of--
> (i) the aggregate of the amount which the court may allow for each named plaintiff; and (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery.
> (3) Attorneys' fees. In the case of any successful action to enforce any liability under paragraph (1) or (2), the costs of the action, together with reasonable attorneys' fees.

§ 1679g of the CROA.

88.    15 U.S.C.A. § 1679f of the CROA states "Any contract for services which does not comply with the applicable provisions of this subchapter – (1) shall be treated as void; and (2) may not be enforced by any Federal or State court or any other person."

89.    The lack of the abovementioned mandatory disclosures therefore constituted a lack of compliance with the applicable provisions of the relevant CROA subchapter and therefore the

contract arising between Plaintiff and Defendant Credit Shield is void and unenforceable as delineated within 15 U.S.C.A. § 1679f.

90.    As a direct and proximate result of Defendant Credit Shield and Defendant Sarah Young's violations of the CROA, as set forth above, Plaintiff has suffered actual damages, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

91.    Defendant Credit Shield and Defendant Sarah Young are jointly and severally liable as a result of the participation theory, agency relationship, and/or their conspiracy to engage in an intentional tort in violation of federal law described herein.

<u>**COUNT III**</u>
**Asserted on behalf of Plaintiff and Class,**
**against Defendant Credit Shield and Defendant Sarah Young**
**Violations of the CROA, 15 U.S.C.A. § 1679, *et seq*.**

***Jointly and Severally***

92.    Plaintiff reiterates and incorporates the allegations contained in the paragraphs hereinabove with the same effect as if set forth at length herein.

93.    The CROA, 15 U.S.C.A. § 1679d, states in pertinent part:

(a) Written contracts required
No service may be provided by any credit repair organization for any consumer—
(1) unless a written and dated contract (for the purchase of such service) which meets the requirements of subsection (b) has been signed by the consumer; or
(2) before the end of the 3-business-day period beginning on the date the contract is signed.

(b) Terms and conditions of contract
No contract referred to in subsection (a) meets the requirements of this subsection unless such contract includes (in writing)-- (1) the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person;
(2) a full and detailed description of the Service to be performed by the credit repair organization for the consumer, including-- (A) all

guarantees of performance; and (B) an estimate of— (i) the date by which the performance of the Service (to be performed by the credit repair organization or any other person) will be complete; or (ii) the length of the period necessary to perform such Service; (3) the credit repair organization's name and principal business address; and (4) a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right."

15 U.S.C.A. § 1679d of the CROA

94.    Defendant Credit Shield failed to delineate all necessary terms and conditions within the writing governing the relationship of Plaintiff and Defendant Credit Shield.

95.    Defendant Credit Shield failed to include any and all guarantees of performance as mandated, dictated, and required by § 1679d(b) of the CROA. See Exhibit "B".

96.    Defendant Credit Shield failed to provide an estimate of the completion of service and the length of time necessary to perform such service as required by § 1679d(b)(2)(a) and (b) of the CROA. See Exhibit "B".

97.    Defendant Credit Shield failed to include its principal business address as required by § 1679d(b)(3). See Exhibit "B".

98.    Defendant Credit Shield failed to provide a conspicuous and bolded statement of proper format in proximity to the signature block reserved for Plaintiff's signature which stated "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right." See Exhibit "B".

99.     The failure to notify Plaintiff of her consumer rights under the CROA represents a particularly flagrant violation of § 1679d(b)(4) of the CROA due to the specific formatting of the required text.

100.    The absence of the abovementioned mandatory disclosures and statements each represent distinct violations of § 1679d(b) of the CROA.

101.    Section 1679g of the CROA provides, in relevant part:

> Any person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:
> (1) Actual damages
> The greater of -- (A) the amount of any actual damage sustained by such person as a result of such failure; or (B) any amount paid by the person to the credit repair organization.
> (2) Punitive damages.
> (A) Individual actions. In the case of any action by an individual, such additional amount as the court may allow.
> (B) Class actions.
> In the case of a class action, the sum of--
> (i) the aggregate of the amount which the court may allow for each named plaintiff; and (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery.
> (3) Attorneys' fees. In the case of any successful action to enforce any liability under paragraph (1) or (2), the costs of the action, together with reasonable attorneys' fees.

§ 1679g of the CROA.

102.    15 U.S.C.A. § 1679f of the CROA states "Any contract for services which does not comply with the applicable provisions of this subchapter – (1) shall be treated as void; and (2) may not be enforced by any Federal or State court or any other person."

103.    The lack of mandatory disclosures as delineated above therefore constituted a lack of compliance with the applicable provisions of the relevant CROA subchapter and therefore the

21

contract arising between Plaintiff and Defendant Credit Shield is void and unenforceable as delineated within 15 U.S.C.A. § 1679f.

104.    As a direct and proximate result of Defendant Credit Shield and Defendant Sarah Young's violations of the CROA, as set forth above, Plaintiff has suffered actual damages, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

105.    Defendant Credit Shield and Defendant Sarah Young are jointly and severally liable as a result of the participation theory, agency relationship, and/or their conspiracy to engage in an intentional tort in violation of federal law described herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Linda Hardwick, on her own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Credit Shield, and, Defendant Sarah Young, as follows:

A.  Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.  Ordering Defendants to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the class members as a result of Defendants' unlawful conduct;

C.  Ordering declaratory judgment that all contracts described hereinabove are void *ab initio*, and rendered unenforceable;

D.  Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful conduct as set forth herein;

E.  Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

F.  Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

G.  Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: May 7, 2020

By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

23