IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA HARDWICK, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )    2:20-cv-00060 |
| v. | )<br>)<br>) |
| CONSUMER GUARDIAN SPECIALISTS, LLC, D/B/A CREDIT SHIELD, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**OPINION**

**Mark R. Hornak, Chief United States District Judge**

Before the Court is Defendant Consumer Guardian Specialists, LLC, doing business as Credit Shield ("Consumer Guardian") Renewed Motion to Dismiss (ECF No. 51) Plaintiff Linda Hardwick's ("Hardwick") Amended Complaint (ECF No. 34), in which Hardwick alleges that Defendant violated several provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq*. Defendant again seeks to dismiss all claims against Consumer Guardian under Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(3), (b)(4), (b)(5), and (b)(6).

The Court concludes that while Consumer Guardian has sufficient minimum contacts with Pennsylvania such that personal jurisdiction over it exists, venue does not lie in this District. Accordingly, Defendant Consumer Guardian's Motion to Dismiss for Lack of Personal Jurisdiction and Venue is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to 28 U.S.C. § 1406(a) and in the interests of justice as detailed below, the Court concludes that while Defendant is subject to personal jurisdiction in Pennsylvania, the Court nonetheless will **TRANSFER** the case to the Middle

1

District of Pennsylvania forthwith, the judicial district in which the litigation could have been brought and where venue is proper.

I.     BACKGROUND

The Court draws the relevant facts from Hardwick's Amended Complaint. (ECF No. 34.) Hardwick is a Pittsburgh resident who used Consumer Guardian's credit repair services. (*Id*. at 3.) Consumer Guardian, doing business as "Credit Shield," is a registered limited liability company allegedly domiciled in Florida. (*Id*. at 3.) Consumer Guardian is a "credit repair organization" in the business of assisting consumers to improve their credit records, credit history, and credit ratings. (*Id*.)

In September 2018, Hardwick contracted with Consumer Guardian, through which Consumer Guardian would allegedly dispute "credit card or other debts with third party collection agencies" to improve Hardwick's credit score. (*Id*. at 4.) Hardwick alleges that Consumer Guardian advertises this service on its website. (*Id*.) Hardwick contends that Defendant (1) illegally charged her for credit repair services that it failed to fully perform in the amount of $3,431.67, all in violation 15 U.S.C. § 1697b, and (2) "failed to provide the required written disclosures" in violation of § 1692a. (*Id*. at 5–9 (referring to the disclosures listed in §§ 1679c and 1679d).) Hardwick contends that because Defendant violated CROA disclosure requirements, the contract between Hardwick and Consumer Guardian is "void and unenforceable" under § 1697f. (*Id*. at 9.) For these alleged CROA violations, Hardwick seeks to have this Court certify this case as a class action and requests that the Court order Defendant to "pay actual, consequential, statutory, and/or punitive damages . . . including restitution and disgorgement of all profits and unjust enrichment." (*Id*. at 23.) Hardwick also requests a declaration that the contracts that were

entered into are void and unenforceable, and seeks the payment of attorney's fees, litigation costs, and "pre- and post-judgment interest on any amounts awarded." (*Id*. at 24.)

Previously, Defendant jointly with Sarah Young, the "managing principal, operator[,] and controller" of Consumer Guardian, moved to dismiss this action against both Consumer Guardian and Ms. Young under Federal Rules of Civil Procedure 12(b)(1) through 12(b)(6). (ECF No. 43.) Hardwick filed an Opposition (ECF Nos. 46 and 47), to which Defendants replied (ECF No. 48). The Court granted Defendants' prior Motion to dismiss as to the claims against Ms. Young for want of personal jurisdiction. (ECF Nos. 49, 50.) However, the Court held in abeyance its decision on the Motion to Dismiss as to Defendant Consumer Guardian and allowed the parties sixty (60) days to complete limited jurisdictional discovery regarding Consumer Guardian's contacts with Pennsylvania. Upon completion of jurisdictional discovery, Consumer Guardian filed the present Renewed Motion to Dismiss, and after full briefing from the parties, the motion is now ripe for disposition. (*See* ECF Nos. 51, 55.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss an action for lack of personal jurisdiction. Once a challenge to personal jurisdiction has been raised, the plaintiff bears the burden of establishing "jurisdictional facts through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 604 (citation omitted). The plaintiff must show "either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,* 983 F.2d 551, 554 (3d Cir. 1993) (citations omitted). When the district court does not hold an evidentiary hearing as to personal jurisdiction, the plaintiff must "establish a *prima facie* case of personal jurisdiction," and

the Court must accept as true all allegations in the complaint. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2007); *Carteret Sav. Bank, F.A. v. Shushan,* 954 F.2d 141, 142 n.1 (3d Cir. 1992) ("[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."). Here, the Court analyzes whether the record supports the existence of a *prima facie* case of specific personal jurisdiction over Consumer Guardian, as Hardwick does not argue that general personal jurisdiction is the basis for personal jurisdiction in this case. (*See* ECF No. 55, at 8–10.)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move for dismissal based on improper venue. By statute, venue is appropriate in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," "(2) [a] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For corporations, "in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d). If a district court in the district where a case is filed determines that venue is not proper in that district, the court "shall dismiss"

the case or transfer the case to a district in which it could have been brought, if "in the interests of justice." 28 U.S.C. § 1406(a).

### III. DISCUSSION

The pertinent question before the Court is whether Defendant's contacts, as alleged in the Amended Complaint and in the record before the Court based on the jurisdictional discovery conducted, show that Consumer Guardian directed its activities at the forum, such that it purposefully availed itself to the privilege of conducting activities within Pennsylvania. The Court concludes that these alleged contacts by Consumer Guardian are sufficient to establish that it purposefully availed itself of the benefits of Pennsylvania and that this litigation does arise out of or relate to these contacts with Pennsylvania. However, since the only sufficient connection to Pennsylvania is a Post Office box located in Delta, Pennsylvania, a municipality in York County near the Pennsylvania/Maryland border in the Middle District of Pennsylvania, the Court concludes that venue in this District is improper. As a result, the Court will transfer the case to the judicial district with proper venue, the Middle District of Pennsylvania.

#### A. Specific Personal Jurisdiction

Federal courts may "exercise personal jurisdiction according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Looking to Pennsylvania's long-arm statute, a federal court sitting in Pennsylvania may exercise jurisdiction "based on minimum contacts with th[e] Commonwealth allowed under the Constitution of the United States." *Id*. (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)). "A district court's exercise of personal jurisdiction pursuant to Pennsylvania's long-arm statute is therefore valid as long as it is

constitutional." *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir. 1998) (citing *Farino*, 960 F.2d at 1221 and *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 279 (3d Cir. 1994)).

A court may exercise either general jurisdiction or specific jurisdiction. *O'Connor*, 496 F.3d at 317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984)). "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Marten v. Goodwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Hall*, 466 U.S. at 408, 414–15 & n.8). Hardwick again does not argue that general jurisdiction applies here, thus the Court focuses its inquiry on whether it has specific jurisdiction over either Defendant. (*See* ECF No. 55.)

To determine whether specific jurisdiction exists, courts apply a three-part inquiry: First, whether the defendant has "purposefully directed [its] activities at the forum." *O'Connor*, 496 F.3d at 317 (internal quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, whether the present litigation arises out of or relates to at least one of those activities. *Id*. (citing *Hall*, 466 U.S. at 414–15 & n.9). Third, assuming the first two requirements are satisfied, "a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id*. (internal quotation marks omitted) (quoting *Burger King*, 471 U.S. at 476).

The first prong, otherwise known as the minimum contacts analysis, requires examining whether Consumer Guardian directed its activities at Pennsylvania such that it purposefully availed itself of the privilege of conducting activities within the forum. *Id.* As this Court recently observed in *LCV Capital Management, LLC v. Nuova Argo Finanziaria S.p.A. et al.*, "the Supreme Court's guidance in *Walden v. Fiore* is controlling of its analysis here." No. 18-01645, 2021 WL 716728, at *5 (W.D. Pa. Feb. 24, 2021) (citing *Walden v. Fiore*, 571 U.S. 277 (2014)). To "exercise [specific]

6

jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. Whether a court may exercise specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)," which narrows a court's focus under this first prong to the relationship among the forum state, the defendant, and the case at issue. *See Walden*, 571 U.S. at 283 n.6 (alteration in original) (internal quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)).

The minimum contacts inquiry "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). "[T]he plaintiff cannot be the only link between the defendant and the forum [as] it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [the defendant]." *Walden*, 571 U.S. at 285–86 (citing *Burger King*, 471 U.S. at 478). In other words, the "defendant's relationship with a plaintiff [or a third party] . . . is an insufficient basis for jurisdiction[.]" *Id*. at 286. (citing *Rush v. Savchuck*, 444 U.S. 320, 332 (1980)).

Here, the minimum contacts test has been met. By Consumer Guardian's own admission, it established a Post Office Box in Delta, Pennsylvania for the purpose of "convenience and proximity to Maryland-based contractor(s)." (*See* ECF No. 51-1.) It is clear from that statement as well as the allegations in the Complaint, which must be taken as true and construed in favor of the Plaintiff, that Consumer Guardian purposefully availed itself of the benefits of the State to improve and advance its business purposes and operations. Consumer Guardian used this address not only in furtherance of its business operations and connections in Maryland, but it also used it in

furtherance of its contractual obligations to Plaintiff by requesting that responses to the debt validation request contracts it sent out on behalf of Plaintiff be sent to that Post Office Box. Thus, the Court is satisfied that Consumer Guardian targeted its activities to the forum such that its "suit-related conduct" creates "a substantial connection" with Pennsylvania sufficient to establish the necessary minimum contacts. *Walden*, 571 U.S. at 284. The Court is also satisfied that the violative actions alleged in the Amended Complaint (*i.e.*, the very basis of this litigation) arise out of and relate to Consumer Guardian's contacts with Pennsylvania, specifically the Middle District of Pennsylvania, through this PO Box. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) ("A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant.").

Lastly, exercising such jurisdiction here comports with the notions of fair play and substantial justice. Once minimum contacts have been established, the burden is on the defendant to demonstrate that exercise of jurisdiction by this Court would be unreasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985); *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir.1993) ("The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy.") In the Third Circuit, typically when minimum contacts are established only in rare cases will exercising personal jurisdiction be unreasonable. *See Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 207–08 (3d Cir. 1998). The factors to be considered are "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental social policies." *Id.*

Here, Consumer Guardian has failed to demonstrate how any of these factors weigh against exercising personal jurisdiction over it in Pennsylvania. Instead, Consumer Guardian states that "under standards of fair play and justice" it could not reasonably "expect to be haled before a Tribunal in the Western District of Pennsylvania." (ECF No. 51, at 14.) However, mere statements that exercising jurisdiction would be unfair, without more, are insufficient. *See Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 208 (3d Cir. 1998) ("Indeed, [Defendant] itself does not even explain with any specificity how exercising jurisdiction would offend notions of 'fair play and substantial justice.' No claims of exorbitant travel expenses, unavailability of evidence, drains on judicial resources or countervailing state interests have been made. Instead, [Defendant] merely argues that any exercise of jurisdiction without minimum contacts cannot comply with notions of 'fair play and substantial justice.' However, since we conclude that minimum contacts are present in this case, we reject this argument [and] conclude that exercising jurisdiction would be in accord with notions of 'fair play and substantial justice.'")

Absent a sufficient showing from Consumer Guardian that any issues with respect to travel costs, evidence, witnesses, or other interests of the parties or another forum would make exercising jurisdiction unfair or unjust, the Court concludes that none exist.[1] Thus, the third part of the relevant test counsels towards exercising jurisdiction.

B. **Venue**

While the Court concludes that Pennsylvania has personal jurisdiction over Consumer Guardian, it also concludes that the Western District is an improper venue for this suit. In its

---

[1] The Court notes that while Defendant makes an assertion that "Defendant Consumer Guardian witnesses are in Florida," (ECF No. 51, at 15) it fails to provide any argument or evidence that this causes issues in any way that should lead the Court to determine that the exercise of jurisdiction in Pennsylvania would offend substantial justice or fair play, particularly in light of the broad availability of travel capabilities.

Motion, Consumer Guardian asks the Court to dismiss Hardwick's Amended Complaint for improper venue under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because it does not reside in the Western District of Pennsylvania nor do any part of the events giving rise to the claims occur in the Western District of Pennsylvania. (ECF No. 51, at 14–15.) Consumer Guardian also argues that the forum selection clause in its contract with Hardwick selects the County Court of Orange County, Florida as the sole and proper venue for claims or disputes related to that contract. (*Id.* at 15.)

Under 28 U.S.C. § 1391(b)(1), venue may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located. The statute further dictates that the residency of corporations for venue purposes "in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced" is present in "any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

The only district in Pennsylvania within which Consumer Guardian's contacts are sufficient to subject it to personal jurisdiction is the Middle District of Pennsylvania, where Delta Pennsylvania is located.[2] There have been no allegations or evidence from the jurisdictional discovery demonstrating that Consumer Guardian had any contacts, let alone sufficient contacts, with the Western District of Pennsylvania, aside from the fact that it contracted with Plaintiff who

---

[2] The Middle District of Pennsylvania is comprised of multiple counties including York County, and Delta, PA is in York County. *See* Map of Counties Covered by the Middle District of Pennsylvania, https://www.pamd.uscourts.gov/sites/pamd/files/MDPA_counties-map.png.

lives in this district.[3] Thus, if the Western District were a separate state, Consumer Guardian would not be subject to personal jurisdiction here. By contrast, as demonstrated by the Court's analysis above, the allegations in the Amended Complaint have established and the jurisdictional discovery has revealed contacts sufficient for the exercise of personal jurisdiction in the Middle District of Pennsylvania, if it was a separate State. All allegations of misconduct by Consumer Guardian alleged by Hardwick relate to or arose out of contacts that Consumer Guardian had with the Middle District; thus, it has the specific personal jurisdiction over Consumer Guardian relative to this litigation. *See Story v. Republic Bank*, 13 F. Supp. 3d 483, 490 (W.D. Pa. 2014) ("Here, assuming Plaintiffs allegations of misconduct by Defendant are true, as we must for purposes of this motion, said misconduct . . . all occurred in the Eastern District of Pennsylvania. Therefore, we find that the United States District Court for the Eastern District of Pennsylvania has specific personal jurisdiction over [Defendant] relative to this litigation and this court does not have specific personal jurisdiction over [Defendant] relative to this litigation.")[4]

Accordingly, the Court agrees with Consumer Guardian that venue does not lie in this district. However, a district court of a district in which venue does not lie, is not required to dismiss the action. Under 28 U.S.C. § 1406, "if it be in the interests of justice," when venue is improper the Court may transfer a case to any district in which it could have been brought. Courts "may

---

[3] As stated above, this connection alone is insufficient to establish minimum contacts. *See Walden*, 571 U.S. at 285–86.

[4] Under § 1391(b)(2), venue also does not lie here because no "substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Pennsylvania. As this Court previously explained, all of the events giving rise to the claims in the Amended Complaint occurred either in the Middle District of Pennsylvania or in Florida. (*See* ECF No. 49, at 16) ("[T]he relevant contacts Hardwick alleges as substantially connecting Consumer Guardian to Pennsylvania [are]: (1) a contract consummated in Florida and subject to a Florida forum-selection and choice of law clause signed by Hardwick (ECF No. 34, at 4); (2) Consumer Guardian's passively interactive website that advertises their credit repair services (*id.*); and (3) and a series of 'debt validation requests'" which included on them a return address of the Delta, PA PO Box.) Further, because the Court concludes that this litigation could have been brought in the Middle District of Pennsylvania, § 1391(b)(3) does not apply. *See Story*, 13 F. Supp. 3d at 492.

transfer a case at the parties' request or sua sponte." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020); *see also*, *Fiorani v. Chrysler Grp.*, 510 Fed. Appx. 109, 111 (3d Cir. 2013) (finding that the District Court erred when it "raised the issue of venue sua sponte without expressly considering whether the interests of justice weigh in favor of transferring [Plaintiff's] complaint instead of dismissing it.") District courts have "broad discretion in deciding whether to order a transfer." *Decker v. Dyson*, 165 Fed. Appx. 951, 954 n. 3 (3d Cir. 2006) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir.1987). Here, the Defendant specifically raised the issue of improper venue and the parties have fully litigated it, so a venue transfer as directed by the Court is no surprise to any party.

Since venue in this district is improper, 28 U.S.C. § 1406(a) applies. Although neither party specifically asked the Court to transfer this case, since the Court has found sufficient contacts to support personal jurisdiction within Pennsylvania, it elects to transfer the case to the Middle District of Pennsylvania rather than dismiss the case.[5] Since Consumer Guardian purposefully directed its activities to the Middle District through its Delta, PA PO Box such that sufficient contacts do exist in that District, and Hardwick has demonstrated a close connection between Consumer Guardian's use of the PO Box and the allegations in Hardwick's Amended Complaint, and to better "preserve claims that [a] rigid application of dismissal rules may bar," the Court is satisfied that transfer is a more appropriate route and is fully in line with the interests of justice. *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (stating that "transfers [under § 1406(a)] in the interest of justice, remove whatever obstacles . . . may impede an expeditious and orderly

---

[5] The Court notes that Consumer Guardian argues that per the forum selection clause in the contract between Hardwick and Consumer Guardian, the proper forum to deal with disputes is the County Court in Orange County, Florida. (ECF No. 51.) However, the Court makes no determination on the enforceability or applicability of such clause and instead leaves that decision up to the Middle District of Pennsylvania, which has proper personal jurisdiction over Consumer Guardian and is where proper venue lies.

adjudication of cases and controversies on their merits") (citing *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)) (internal quotations omitted).

Accordingly, the Court concludes that there is improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. 1391 in this District. However, under 28 U.S.C. § 1406(a), in the interests of justice, the Court will transfer the case to the Middle District of Pennsylvania, the district where it could have been brought.

### IV.  CONCLUSION

For all of the reasons set forth in this Opinion, Defendant Consumer Guardian's Motion to Dismiss for Lack of Personal Jurisdiction and Venue is **GRANTED IN PART** and **DENIED IN PART**, as follows: Pennsylvania may exercise personal jurisdiction over Consumer Guardian However, since the Court concludes that venue is improper in this District, but is proper in the Middle District of Pennsylvania, the Court **TRANSFERS** this case to the Middle District of Pennsylvania, forthwith. The balance of the Defendant's Motions are dismissed without prejudice.

The Clerk of the Court will cause the transfer of this case to the United States District Court for the Middle District of Pennsylvania, forthwith.

                                                          /s/ Mark S. Hornak
                                                          Mark R. Hornak
                                                          Chief United States District Judge

Dated: March 7, 2022

cc:     All counsel of record